The document below is hereby signed.

Signed: April 24, 2014



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| 3109, LLC, | ) | Case No. 10-00757 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE STRIKING WRITS OF ATTACHMENT

The debtor's attorney, William C. Johnson, Jr., has filed writs of attachment to collect his claims for the unpaid amounts of attorney's fees and expenses that were allowed as an administrative claim in this case. The writs must be stricken.

I

This was a case under chapter 11 of the Bankruptcy Code (11 U.S.C.). With exceptions of no relevance here, a debtor in possession has all of the rights and is subject to the duties of a trustee in a Chapter 11 case. 11 U.S.C. § 1107(a). Accordingly, one of the powers a debtor in possession exercises is to employ professionals pursuant to 11 U.S.C. § 327 to assist in the conduct of the case. Pursuant to court order, Johnson was authorized to represent the debtor as a debtor in possession.

The approved terms for Johnson's employment did not provide for any award of fees to be treated as a monetary judgment.  Pursuant to 11 U.S.C. § 330(a)(1), such a professional is entitled to file an application seeking an award of reasonable compensation for actual, necessary services rendered.

Johnson's claim for fees was based on an obligation to represent the debtor in the conduct of the case, an obligation that was in place before the plan was confirmed.[1]  As such, Johnson's claim for attorney's fees was discharged as having arisen before confirmation of the plan.  11 U.S.C. § 1141(d)(1)(A).  A confirmed Chapter 11 plan is treated as a new contract (see *In re Troutman Enters., Inc.*, 253 B.R. 8, 11 (B.A.P. 6th Cir. 2000); *In re Nylon Net Co.*, 225 B.R. 404, 406 (Bankr. W.D. Tenn. 1998)), and is interpreted pursuant to rules of contract construction.  *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993).  A claim created by that new contract may be enforced in state court.  *In re Nylon Net Co.*, 225 B.R. at 406.

In place of the claim that Johnson had pre-confirmation, Johnson had whatever rights were accorded him under the confirmed plan.  Section 3.02 of the debtor's confirmed plan provided:

---

[1]  The bulk of Johnson's work for which he sought compensation was performed before confirmation of the plan, with mailing out copies of the confirmation order and preparing Johnson's fee application being the only work performed post-confirmation.

2

>   <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Pre-confirmation fees due to counsel or any other professional shall be paid within thirty (30) days following the entry of a court order approving said fees.

After the debtor's plan was confirmed, Johnson filed an *Application For Allowance Of Compensation*. The court's order granted that *Application* and directed that fees of $30,050.00 were to be paid to Johnson as an unpaid administrative claim, with the award to "be paid by application of the Debtor's retainer in the amount of $21,272.18[] currently held in escrow by Applicant to the allowed compensation with the balance in the amount of $8,777.82 to be paid by the Debtor immediately as an allowed administrative expense in these proceedings." *See* Dkt. No. 103. The order did not direct that the award was to be treated as a monetary judgment.

                                II

An order allowing a claim in a bankruptcy case, regardless of whether the claim is an administrative claim or instead a prepetition claim of a creditor, adjudicates the amount owed to the holder of the claim, but does not amount to a monetary judgment unless the court so directs. The distinction between an order allowing a claim and a monetary judgment was aptly described in *Ziino v. Baker*, 613 F.3d 1326 (11th Cir. 2010).

That case involved an action brought by Ziino seeking to enforce an order allowing his claim in a prior bankruptcy proceeding against assets held in trust for his former domestic partner, Wellman.  *Id.*  The Eleventh Circuit determined that the court order allowing Ziino's claim in Wellman's prior bankruptcy proceeding was not a final, executable money judgment.  *Id.* at 1327.  As explained by the court:

> An allowed claim in bankruptcy serves a different objective from that of a money judgment—it permits the claimant to participate in the distribution of the bankruptcy estate. *See* 11 U.S.C. § 507 (2006); 4 *Collier on Bankruptcy* ¶ 501.01[2][b] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010). "[T]he assertion of a claim in bankruptcy is, of course, not an attempt to recover a judgment against the debtor but to obtain a distributive share in the immediate assets of the proceeding." *Matter of Mobile Steel Co.*, 563 F.2d 692, 700 (5th Cir. 1977) (quoting *In re Kansas City Journal-Post Co.*, 144 F.2d 791, 803–04 (8th Cir. 1944)); *see also* 10 *Collier on Bankruptcy* ¶ 7069.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) ("By its terms, Civil Rule 69 is applicable to enforcement of only judgments for the payment of money.... If the underlying cause of action against the estate arose prepetition, it normally will be dealt with as a claim to be satisfied by a distribution upon liquidation or under a reorganization plan....").

*Id.* at 1328-29.  Here, similarly, the court's award in favor of Johnson for postpetition services was the section 330 predicate for his being allowed to obtain a distribution under the terms of the confirmed plan.  The court did not indicate that the award in favor of Johnson was to go beyond that and be treated as a monetary judgment.

4

This conclusion is reinforced by the Federal Rules of Bankruptcy Procedure.  Under Rule 7001(1), with exceptions of no relevance here, "a proceeding to recover money or property" is an adversary proceeding, which, under Rule 7003, must be commenced by the filing of a complaint.  Johnson's application was not filed as a complaint commencing an adversary proceeding.  Instead, Johnson's application was filed under Rule 2016(a).  As in the case of a proceeding pursuant to Rule 3007 or Rule 3008 (the rules regarding allowance or disallowance of disputed prepetition claims), the proceeding commenced by Johnson's application created merely a contested matter governed by Rule 9014.

Unlike an adversary proceeding monetary judgment to which Rules 7058 and 7062 apply, an order adjudicating a contested matter is, under Rule 9014(c), not automatically subject to the

strictures of Rules 7058[2] and 7062.[3]  If Johnson had wished to obtain a monetary judgment when he sought an award of fees, he ought to have filed a complaint commencing an adversary proceeding, with any monetary judgment being subject to the 14-day stay after entry under Rule 7062.

True, the court's order fixed the amount of compensation owed to Johnson, and is entitled to preclusive effect.  *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625 (2d Cir. 2007) (holding that "a bankruptcy court order allowing an uncontested proof of claim constitutes a 'final judgment' and is thus a predicate for *res judicata*.").  However, unlike a monetary judgment, the order allowing the claim did not provide that interest would commence to run in accordance with 28 U.S.C. § 1961.  Moreover, by the terms of the confirmed plan, Johnson's

---

[2]  With exceptions of no relevance here, Fed. R. Civ. P. 58 (as incorporated by Rule 7058) requires in Rule 58(a) that a judgment be set out in a separate document, and specifies in Rule 58(c) when a judgment is deemed entered if it has *not* been set forth on a separate document.  The date of entry of a judgment, in turn, affects:

- the time for seeking a new trial or to alter or amend the judgment under Fed. R. Civ. P. 59 (as incorporated by Rule 9023);
- the time for pursuing an appeal under Rule 8002(a); and
- the time for executing on the judgment under Fed. R. Civ. P. 62 (incorporated by Rule 7062).

[3]  Rule 7062 incorporates Fed. R. Civ. P. 62(a) which stays enforcement of a monetary judgment for 14 days after its entry. In contrast to an adversary proceeding judgment, Rule 9014 does not stay an order entered in a contested matter.

claim for pre-confirmation fees was not payable until 30 days following the entry of the court's order allowing his claim. *See* Dkt. No. 97, section 3.02. This means that at the time the order allowing the claim was entered, there was not yet a default pursuant to which Johnson could seek a monetary judgment for the unpaid fees. Both the lack of judgment interest and the lack of any obligation for which payment was past due when Johnson sought his award distinguish the court's order awarding compensation and a reimbursement of expenses from a monetary judgment.

It bears emphasizing that it is the breach of the plan that gives Johnson the right to sue for breach of contract and to seek a monetary judgment. Here, the debtor was entitled under the confirmed plan to await entry of an order awarding compensation, and the passage of 30 days after entry of that order before paying the obligation. It was only after that period of time expired that there was a default upon which Johnson was entitled to sue.[4]

### III

For all of these reasons, it is

ORDERED that the *Writs of Attachment of Judgment* (Dkt. Nos.

---

[4] The order erroneously directed that the award was to be paid immediately (instead of by 30 days later). However, even if the order was binding, it gave the debtor the opportunity to pay the award immediately, and it was only after a default in complying with the order that Johnson could assert a default justifying his seeking a monetary judgment.

7

110, 111, 112) are STRICKEN.

[Signed and dated above.]

Copies to: Recipients of e-notice of orders.